UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
YVON WITTY, Individually and on
Behalf of All Other Persons Similarly Situated,

                  Plaintiffs,

-against-

RITE AID CORPORATION and
ECKERD CORPORATION d/b/a
RITE AID,

                  Defendant.
------------------------------------------------------------X

No. CV10-4000

COMPLAINT AND
JURY DEMAND

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ SEP 0 1 2010 ★
BROOKLYN OFFICE

IRIZARRY, J.
POHORELSKY, M.J.

## INTRODUCTION

This action is brought on behalf of all "Assistant Managers" employed by Defendant Rite Aid Corporation ("Rite Aid") and Defendant Eckerd Corporation ("Eckerd") (collectively, "the Defendants" "Rite Aid"), within the State of New York. Defendant misclassified Plaintiff and other similarly situated employees as exempt under the New York Labor Law and failed to pay them overtime for hours above 40 in a workweek.

## NATURE OF THE ACTION

1. Plaintiff complains, pursuant to Fed. R. Civ. P. 23, on behalf of himself and a class of other similarly situated current and former Assistant Store Managers employed by Defendants within the State of New York (the "Class"), that they are entitled to overtime work for which they did not receive overtime premium pay as required by the New York Labor Law §§ 650 *et seq.* ("New York Labor Law") and the supporting New York State Department of Labor regulations, (ii) entitled to liquidated/punitive damages under the New York Labor Law

1

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(d)(2)(A), the Class Action Fairness Act ("CAFA"). The parties are diverse and the amount in controversy exceeds $5,000,000, exclusive of interest and costs).

3.  Upon information and belief, at least one member of the proposed class is a citizen of a state different from that of the Defendants.

4.  Plaintiff's claims involve matters of national or interstate interest.

5.  Defendants are subject to personal jurisdiction in New York.

6.  Venue is proper in this district pursuant to 28 U.S.C. §1391 as a substantial part of the events or omissions giving rise to the claims occurred in this District.

7.  This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

8.  Plaintiff Yvon Witty was, at all relevant times, an adult individual, residing in Brooklyn, New York.

9.  Plaintiff has been employed by Defendants from in or about August 2005 through in or about July, 2010.

10. Plaintiff worked in excess of 40 hours per workweek without receiving overtime compensation as required by federal and state laws.

11. Defendant Rite Aid is a Delaware corporation, with its principal place of business at 30 Hunter Lane, Camp Hill, Pennsylvania. Defendant owns and operates approximately 5,000 retail drug stores nationwide, including numerous stores within New York State.

12. According to Rite Aid's DEC 10k filing, Eckerd is a subsidiary of Defendant Rite Aid. As stated on Rite Aid's web page, http://www.riteaid.com/company/brooks_eckerd/eckerd.jsf, Eckerd is now Rite Aid".

## CLASS ALLEGATIONS

13. Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

14. Plaintiff brings his New York Labor Law claim on behalf of all persons who were employed by Defendants at any time since August 31, 2004 in the State of New York, to the entry of judgment in this case (the "Class Period"), who held the position of Assistant Store Manager (the "Class") and who have not been paid overtime wages in violation of the New York Labor Law.

15. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are at least 100 members of the Class during the Class Period.

16. The claims of Plaintiff are typical of the claims of the Class and a class action is superior to other available methods for the fair and efficient adjudication of the controversy -- particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to prosecute a lawsuit in federal court against a defendant.

17. Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

18. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in wage and hour law and class action litigation.

19. Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

20. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

   a. whether Defendants failed to keep true and accurate time records for all hours worked by the Plaintiff and the Class;

   b. what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

   c. whether Defendants failed and/or refused to pay Plaintiff and the Class overtime pay for hours worked in excess of 40 per workweek within the meaning of the New York Labor Law ("Labor Law") Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

   d. the nature and extent of the Class-wide injury and the appropriate measure of damages for the Class;

   e. whether Defendants had a policy of misclassifying workers as exempt from coverage of the overtime provisions of the Labor Law; and

   f. whether Defendants' policy of misclassifying workers was done willfully or with reckless disregard of the statute.

## STATEMENT OF FACTS

21. At all relevant times, Plaintiff was employed as an Assistant Store Manager for Defendants. Plaintiff's work was performed for the benefit of the Defendants, in the normal course of the Defendants' business and was integrated into the business of the Defendants.

22.     All of the work that Plaintiff and the Class have performed has been assigned by Defendants and/or Defendants have been aware of all of the work that Plaintiff, the Class Members have performed.

23.     Upon information and belief, Rite Aid was aware, or should have been, that Assistant Store Managers, *inter alia*: (a) primarily or solely performed stocking duties and other manual labor; (b) performed little or no supervisory functions; and (c) wielded little or no discretion in the performance of their duties.

24.     Upon information and belief, it was Defendants' policy and practice to classify Assistant Store Managers as executives, exempt from coverage of the overtime provisions of the New York Labor Law, without consideration of the duties these workers actually perform.

25.     Upon information and belief, Defendants' unlawful conduct described on this Complaint is pursuant to a corporate policy or practice of minimizing labor costs by violating the New York Labor Law.

26.     Upon information and belief, Rite Aid was or should have been aware that state and federal law require it to pay employees performing non-exempt duties an overtime premium for hours worked in excess of 40 per week.

27.     Upon information and belief, despite their job duties, Rite Aid intentionally designated Plaintiff and the Class Members as "managerial" employees in an attempt to justify classifying them as exempt from overtime protections and avoid liability for overtime payments properly due them.

28.     Rite Aid's failure to pay Assistant Store Managers overtime wages for their work in excess of 40 hours per week was willful, arbitrary, unreasonable and in bad faith.

29.     Plaintiff has been employed by Rite Aid from in or about 2004 through the present. Throughout that time and, upon information belief, both before that time (throughout the Class

Period) and continuing until today, Defendants have likewise employed other individuals, like the Plaintiff (the Class) as Assistant Store Managers. They do not have the authority to hire or fire other employees nor, do they make hiring and firing recommendations.

30. Upon information and belief, throughout all relevant time periods, while Defendants employed Plaintiff and the Class Members, Defendants failed to maintain accurate and sufficient time records.

## CLAIM FOR RELIEF: NEW YORK LABOR LAW

31. Plaintiff, on behalf of himself and the members of the Class, realleges and the foregoing paragraphs as if they were set forth again herein.

32. Defendants engaged in a widespread pattern, policy and practice of violating the New York Labor Law, as detailed in this Complaint.

33. At all relevant times, Plaintiff and the members of the Class were employed by Defendants within the meaning of the New York Labor Law §§ 2 and 651.

34. Defendants willfully violated Plaintiff's rights and the rights of the Class, by failing to pay them overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek in violation of the New York Labor Law and its regulations.

35. Defendants failed to keep, make, preserve, maintain and furnish accurate records of time worked by Plaintiff and the Class.

36. Defendants' New York Labor Law violations have caused Plaintiff and the Class irreparable harm for which there is no adequate remedy at law.

37. Due to Defendants' New York Labor Law violations, Plaintiff and the Class are entitled to recover from Defendants their unpaid overtime wages and liquidated damages, including

the Defendants' share of FICA, FUTA, state unemployment insurance and any other required employment taxes, reasonable attorneys' fees and costs and disbursements of the action, pre-judgment and post-judgment interest.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff on behalf of himself and all members of the Class, respectfully requests that this Court grant the following relief:

    a.    Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and his counsel to represent the Class;

    b.    A declaratory judgment that the practices complained of herein are unlawful under the New York Labor Law;

    c.    An injunction requiring Defendants to cease its unlawful practices under, and comply with, the New York Labor Law;

    d.    An award of unpaid wages for overtime compensation due under the New York Labor Law;

    e.    An award of liquidated, punitive damages as a result of the Defendants' willful failure to pay overtime compensation pursuant to the New York Labor Law;

    f.    An award of prejudgment and post-judgment interest;

    g.    An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

    h.    Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: Rye Brook, New York
August 31, 2010

By: _____
Fran L. Rudich

Jeffrey A. Klafter
Seth R. Lesser
Fran L. Rudich
KLAFTER, OLSEN & LESSER LLP
Two International Drive, Suite 350
Rye Brook, New York 10573
Telephone: (914) 934-9200

Peter Winebrake*
R. Andrew Santillo*
THE WINEBRAKE LAW FIRM, LLC
Twining Office Center, Suite 114
715 Twining Road
Dresher, PA 19025
Telephone: (215) 884-2491

Gary E. Mason *
Nicholas A. Migliaccio *
MASON LLP
1625 Massachusetts Avenue, NW, Suite 605
Washington DC 20036
Telephone: (202) 429-2290

Michael A. Josephson*
FIBICH, HAMPTON & LEEBORN, LLP
1401 McKinney, Suite 1800
Houston, TX 77010
Telephone: (713) 751-0025

Robert E. DeRose*
BARKAN NEFF HANDELMAN MEIZLISH LLP
360 S. Grant Avenue
P.O. Box 1989
Columbus, OH 43216-1989
Telephone: (614) 221-4221

* To be admitted *pro hac vice*